UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ ANGELO WHITE,
Petitioner,

v.

JAMIE CORRIGAN,
Respondent.

Case No. 26-13577
Honorable Shalina D. Kumar
Mag. Judge Kimberly G. Altman

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Cortez Angelo White, a Michigan prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 1. A jury in Oakland County Circuit Court convicted Petitioner of five counts of first-degree criminal sexual conduct and five counts of possession of a firearm during the commission of a felony (felony-firearm). *Id.* at PageID.1-2. He was sentenced as a fourth-offense habitual offender to 60 to 100 years for each count of first-degree criminal sexual conduct, and two years for each count of felony firearm. *See People v. White*, No. 365864, 2025 WL 1144538, at *1 (Mich. Ct. App. Apr. 17, 2025). In his petition, he raises claims concerning ineffective assistance of trial counsel, the trial court's denial of an evidentiary

hearing, the alleged use of perjured testimony, and the sufficiency of the evidence.

For the reasons set forth below, the Court concludes that Petitioner has not exhausted state court remedies for his sufficiency of the evidence claim and dismisses the habeas petition without prejudice. The Court also denies a certificate of appealability.

## I. Background

Following sentencing, Petitioner filed a motion for a new trial based on ineffective assistance of counsel. *White*, 2025 WL 1144538, at *2. After the trial court denied the motion, Petitioner filed an appeal by right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* Petitioner then filed an application for leave to appeal, which the Michigan Supreme Court denied in a standard order. *People v. White*, 25 N.W.3d 370 (Mich. 2025).

On September 4, 2026, Petitioner filed the pending habeas petition. He raises these claims: (1) trial counsel was ineffective for failing to conduct a reasonable investigation, retain a defense expert, or object to the complaining witness's testimony; (2) the trial court abused its discretion by declining to hold an evidentiary hearing on Petitioner's ineffective assistance of counsel claims; (3) Petitioner's right to due process was violated by the

complaining witness's allegedly perjured testimony; and (4) insufficient evidence supports his convictions. *See* ECF No. 1, PageID.5-10.

## II. Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to screen petitions that lack merit on their face); *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (same).

A prisoner filing a habeas petition pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims at each level of the state court system.

*Randolph v. Macauley*, 155 F.4th 859, 864 (6th Cir. 2025). The claims must also be presented to the state courts as federal constitutional issues. *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (explaining that a petitioner must present a claim in state court in a manner that alerts the state court to its federal nature). Exhaustion does not implicate jurisdiction, but it is a "threshold question that must be resolved" before a federal court can reach the merits of a habeas claim. *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). A Michigan prisoner must present each habeas issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Id. at* 414.

The Court may raise the exhaustion issue on its own when it clearly appears from the pleadings and available records that the habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Petitioner admits that he did not exhaust his state remedies for his sufficiency of the evidence claim, alleging that counsel did not investigate the issue. ECF No. 1, PageID.10.

Petitioner has an available state-court procedure through which he may exhaust his claim. He may file a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.501 *et seq*. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and

the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203. To satisfy the exhaustion requirement, Petitioner must present his unexhausted claim through one complete round of state-court review.

When confronted with a mixed petition containing both exhausted and unexhausted claims, a district court may dismiss the petition without prejudice or, under appropriate circumstances, stay the petition and hold it in abeyance while the petitioner exhausts his unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005); *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.

Petitioner neither requests a stay nor identifies circumstances warranting one. The Court concludes a stay is not warranted. First, the one-year statute of limitations applicable to federal habeas actions does not pose a problem for Petitioner if he pursues state court remedies in a prompt fashion. The one-year period does not begin to run until 90 days after the

conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "'the time for filing a certiorari petition expires'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

The Michigan Supreme Court denied Petitioner leave to appeal on September 26, 2025, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on December 26, 2025. The one-year limitations period began the following day, December 27, 2025. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (holding that last day on which a petitioner can file a petition for a writ of certiorari is not counted toward the one-year limitations period). When Petitioner filed the pending petition on September 4, 2026, 251 days of the one-year period had elapsed.

Given that almost four months remain in the limitations period and that the limitations period may be equitably tolled during the short time the instant petition has been pending, Petitioner has time to raise his unexhausted claim in the state courts and then return to federal court on a perfected petition should he wish to do so. *Kincade v. Wolfenbarger*, 324 F. App'x 482, 489 (6th Cir. 2009) (allowing district court to equitably toll one-year limitations period while habeas petition was pending before the federal court).

Petitioner's unexhausted claim concerns a matter of federal law and is not plainly meritless. His claim should be presented to, and addressed by, the state courts in the first instance.

**III. Certificate of Appealability**

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that the petition contains an unexhausted claim and that Petitioner has an available remedy in state court.

## IV. Conclusion

For the reasons set forth, the Court concludes that Petitioner has not exhausted his state-court remedies for one of his habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. ECF No. 1. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: November 3, 2026